GLENWOOD CAFETERIA, INC., Appellant, v. CHRISTIAN G. ALLERS, Respondent. — Plaintiff's assignor had a lease of certain property which the owner, the defendant, desired to cancel so that he might relet the property more advantageously. After negotiations, a written agreement was made, dated December 16, 1929, which recited that the owner was desirous of obtaining an assignment of the lease of the entire premises (describing it). It was agreed that the owner should pay the lessee $40,000 in installments as follows: $8,000 immediately, $7,000 within two months, and the remaining $25,000 within five years " upon compliance by the party of the second part [lessee] of the provisions contained in this agreement." The further agreement was that the owner should lease, in substitution of the property surrendered, another piece of property for a term of years ending July

31, 1937. As to this property it was provided, in brief, that the landlord should have an option to cancel this second lease during the first five years thereof by giving six months' written notice. On the same day a new lease was drawn which contained a provision for the surrender of the property on the terms stated " upon payment by the landlord to the tenant of the amount provided for, and according to a written agreement between the parties hereto bearing even date herewith." The lessee and its assignee, the plaintiff, failed to pay the rent under the new lease in the early part of 1933 and were dispossessed on April third of that year. This was before the last payment of $25,000 fell due. In an action to recover the payment of $25,000, the defense is that because the lessee was not in possession at and before the time the five-year option had expired, no recovery can be had. The agreement is somewhat ineptly drawn, but the intent is clear. Forty thousand dollars were to be paid for the surrender of the prior lease, payable in installments. By consent on the trial, parol testimony was taken on the theory that the terms of the agreement, read in connection with the new lease, are ambiguous. We think there is no such ambiguity and the intent of the parties is reasonably clear from the writing itself. But if we consider the testimony on the subject, the result is the same. Judgment in so far as it dismisses the complaint reversed on the law, with costs, and judgment directed for the plaintiff for $25,000, with interest thereon from December 16, 1934, with costs. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.